UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:16-CR-114 |
| | ) |
| JAMES SUMMERS | ) |

## **O R D E R**

In November 2017, this Court sentenced the defendant to an 84-month term of imprisonment for firearms offenses. The defendant is presently housed at FTC Oklahoma City with a scheduled release date of August 9, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 10, 2021).

Now before the Court is the defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for the appointment of counsel [doc. 149], along with a second *pro se* motion for appointment of counsel [doc. 156]. The United States has responded in opposition to the first of those filings [docs. 151, 155] and the defendant has not replied within the time allowed by this court's local rules.

Section 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

As argued by the United States, nothing in the current record proves that the defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). The defendant has not documented compliance with that mandatory exhaustion requirement. Because the defendant has not documented his exhaustion of administrative remedies, and because the United States objects on that ground, the Court lacks authority to consider the present motion for compassionate release at this time. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Turning to the defendant's motions for appointment of counsel, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. Moreover, pursuant to this court's Standing Order SO-19-04, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a *pro se* § 3582(c)(1)(A) motion. FDSET has not made an appearance in this case.

The defendant's motion for compassionate release [doc. 149] is accordingly **DENIED AND DISMISSED WITHOUT PREJUDICE**. His motions for appointment of counsel [docs. 149, 156] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge